Argued January 18, affirmed February 15, rehearing denied March 8,
objections to cost bill overruled April 26, 1927.

## JOHN BARTHOLDI v. L. C. BALDWIN ET AL.

(253 Pac. 6.)

**Mechanics' Liens—Complaint in Mechanic's Lien Foreclosure Held
Sufficiently to Allege That Building was Constructed upon
Owner's Premises.**

1. Complaint in suit to foreclose mechanic's lien, alleging that
"said building to be constructed upon the following described lands
owned by said corporation, defendant, to wit," and that building
was constructed thereon, *held* sufficiently to allege that building
was constructed upon lands owned by defendant corporation.

**Pleading—Denial of Knowledge Sufficient to Form Belief of Recorda-
tion of Mechanic's Lien is Sham, Where Complaint Alleges Fact
and Place of Recordation.**

2. Answer, in mechanic's lien foreclosure, denying knowledge suf-
ficient to form belief as to fact of filing and recordation of lien,
which, with place of recordation, was alleged in complaint, *held*
sham, and allegation will be taken as admitted.

Appeal and Error, 4 **C. J.**, p. 650, n. 37 New.
Mechanics' Liens, 40 **C. J.**, p. 214, n. 70, p. 421, n. 13, p. 438,
n. 38, 39, p. 473 n. 93, 95, 98, p. 476, n. 55.
Pleading, 31 **Cyc.**, p. 200, n. 6, 7, p. 644, n. 68.

From Wasco: FRED W. WILSON, Judge.

Department 2.

This is a suit to foreclose a mechanic's lien. The
pleadings are somewhat lengthy, but, in substance,
allege: That in May, 1922, the appellants, The Dalles
Country Club, employed L. C. Baldwin and J. W.
Swope, partners, doing business under the firm name
and style of Baldwin-Swope Contracting Company, to
construct a clubhouse, and Baldwin and Swope, by
subcontracting, employed John Bartholdi, respond-
ent, to do certain important parts of the work, to wit,

---

1. Necessity for alleging, in suit to foreclose mechanic's lien, that
defendant is the owner or has some interest in the property to which
the lien attaches, see note in 11 **L. R. A.** 743.
2. See 21 **R. C. L.** 458.

the stone work in the walls, the construction of fire-places and cement window-sills and cement lintels. Assuming that the work had been completed according to the contract and certain modification thereof, not important here, the plaintiff filed a notice of mechanic's lien upon the clubhouse, and property upon which it was situated, claiming that the agreed price was $3,437.75, which was a reasonable value of the work; that the defendants had paid him the sum of $1,800, and that there was the sum of $1,637.75 due. Not being able to agree with the defendants Baldwin and Swope upon the compensation, plaintiff brought this suit making the usual allegations as to the amount of labor in completion of the working, setting up his notice of lien *in haec verba* as part of his complaint and that it was duly recorded in the office of the county clerk of Wasco County, giving the page and date of the filing and recording thereof. The complaint also set up that, by mistake of the scrivener in computing the amount of the value of the work performed, plaintiff claimed it to be about $150 more than was actually due, and that said mistake was made in good faith and not with any intent to injure or defraud anybody.

The defendants answered, putting at issue all the necessary elements in plaintiff's complaint, denying any knowledge, information or belief as to whether said notice of lien had been made or filed, setting up certain counterclaims by reason of the fact of the imperfect manner in which the work was performed, and alleging that plaintiff abandoned the contract in certain particulars rendering it necessary for the defendants to complete the work at a reasonable cost of $191.

Upon the trial of the cause, the court visited the site of the building and made a personal inspection thereof and, after hearing the testimony, made findings in favor of the plaintiff in the sum of $1,146.56, from which sum it was held there should be deducted the sum of $191, leaving a balance of $955.56 due plaintiff from the defendants. The court further found that the plaintiff honestly and in good faith believed that said work was completed in the manner provided for, in said contract, on the twenty-sixth day of August, 1922, and at such time ceased to work on said structure; that said work was not abandoned on the part of the plaintiff, but that certain work yet remained to be done, and which should have been done and performed by the plaintiff, and that said defendants were compelled to and did expend the sum of $191 to complete the same, which accounts for the deduction above mentioned. The court also found that the lien was duly filed; that the plaintiff had complied with all of the conditions of the mechanic's lien law; and that The Dalles Country Club had full knowledge of plaintiff performing the work, and acquiesced and consented thereto. Thereupon, the court rendered a decree in favor of the plaintiff for the sum of $955.60, with $150 as attorney's fees, and provided that neither party should recover costs. From this decree the defendants appeal.

AFFIRMED. REHEARING DENIED.

For appellants L. C. Baldwin and J. W. Swope, there was a brief and oral argument by *Mr. Ernest C. Smith.*

For appellant The Dalles Country Club, there was a brief over the names of *Messrs. Wilson & Bradshaw, Mr. C. L. Pepper* and *Mr. F. V. Galloway.*

For respondent there was a brief over the name of *Messrs. Van Vactor & Butler,* with an oral argument by *Mr. S. A. Van Vactor.*

McBRIDE, J.—1. Before entering upon a discussion of the merits, we will consider the questions as raised upon demurrer in this case. It is contended by appellants that the complaint does not state facts sufficient to constitute a cause of action. We cannot agree with counsel in this contention. It is urged there is no sufficient allegation that the building in question was constructed upon the property mentioned in the contract and in the complaint.

Paragraph three of the complaint alleges, in substance, that The Dalles Country Club entered into a contract with the defendant, the Baldwin-Swope Contracting Company, for the construction of a certain building, known as The Dalles Country Club; "said building to be constructed upon the following described lands owned by said corporation, defendant, to wit." Then follows a description of quite a considerable tract of land. This paragraph is admitted by the answer.

In paragraph four, among other things, it is alleged, "that said building was, by the said Baldwin-Swope Contracting Company, constructed for the said defendant, The Dalles Country Club, a corporation, at its special instance and request, upon said premises." This allegation is also admitted in the answer.

Taking these admitted allegations in connection with each other allegation, it sufficiently appears that the building was constructed upon the lands owned by the corporation, and the fact that it is alleged further that there was some change in the original location

does not contradict the allegations before admitted, but is entirely consistent with them. If any ambiguity existed, although we fail to see that there is such, it was within the power of the defendant to move to have the complaint made more definite and certain in that respect, which it failed to do.

2. It is also urged that there is no sufficient allegation as to the filing and recording of the lien, but the lien, together with the acknowledgment and verification, is copied in its entirety in the complaint. This also must be taken as admitted by the answer.

It is true, that the defendants allege that they have no knowledge or information sufficient to form a belief as to whether a lien was filed and recorded, but such an allegation, in the face of the alleged fact that the lien was of record, has always been held by this court to be sham in a number of cases, the last of which is *Carnes* v. *Manning,* 118 Or. 665 (248 Pac. 137).

Turning to the facts, we find ample testimony to sustain the decree of the lower court, which was carefully made after a personal inspection of the premises and a personal hearing of the testimony, and we think that the decree is amply justified by the testimony, which it is needless to reproduce here.

It is claimed by the defendants that the discrepancy between the amount stated in the notice of lien and the amount actually found by the court was such as is conclusive that the notice of lien contained an untruthful statement. The court found, and that properly, that the plaintiff had overestimated and overstated the amount due him; but that he did so in good faith and without any intention of deceiving anybody

or defrauding the defendants. In this we think the court was correct.

The court also found that certain work specified in the contract was not finished in accordance therewith; but that the plaintiff evidently believed that he had completed the contract and that there was no abandonment of it. We are disposed to agree with this conclusion.

It is not shown directly, but it evidently appears that the real business of the plaintiff is that of a stone-mason, and that he had not been accustomed to contract work, which, here, was one that required average skill, probably more than average skill, in computing its amount and value. We do not think that the defendants were injured in any way, or misled by the overstatement in the lien, and we are not prepared to say that the plaintiff was meditating or attempting a fraud in the computation he made, or in the manner in which he performed his work.

It is very evident that, if the plaintiff had confined his estimates and claim in the lien notice to the amount found by the court, this claim would have been resisted in any event, as the defendants claimed that the only amount owed by them to the plaintiff was $390.50, which they alleged they were ready and willing to pay, and coupled this allegation with the deposit of that amount in court. This objection is overruled.

Another question is raised as to an order made by the court after the notice of appeal was served allowing the plaintiff to draw down $390.50, which was tendered as above stated. In view of the fact that we affirm the decree, and, in any event, the plaintiff

will receive a larger sum than $390.50, this question becomes purely academic.

The decree of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED. OBJECTIONS TO COST BILL OVERRULED.

BURNETT, C. J., and BROWN and BELT, JJ., concur.